UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA

FILED IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA

2022 OCT 25 PM 2:27

M. REGINA THOMAS
CLERK
BY _____
DEPUTY CLERK

| | |
|---|---|
| In Re:<br>TIFFANY NICOLE JONES.<br>　　　　DEBTOR | )<br>)<br>) |
| TIFFANY NICOLE JONES<br>　　　　Plaintiff<br>vs.<br>CARVANA, LLC; BRIDGECREST,<br>BVR TOWING COMPANY, and<br>ADESA AUCTION AGENCY | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 22-53799-bem<br>Chapter 7 |

**DEBTOR'S COMPLAINT FOR DAMAGES
FOR VIOLATION OF AUTOMATIC STAY**

Plaintiff/Debtor, TIFFANY NICOLE JONES, SR., hereby files this COMPLAINT FOR DAMAGES in this Honorable court for an award of damages against Defendants, CARVANA, LLC; BRIDGECREST, BVR TOWING, MCTRAC, and ADESA KNOXVILLE AUCTION COMPANY, for the violation of automatic stay and alleges the following:

1.

Plaintiff filed for an Order of Relief under Chapter 7 of Title 11 on MAY 18, 2022.

2.

The case is currently pending before this court.

3.

The gravamen of this motion is that despite Plaintiff's filing of bankruptcy, and debtor's continuous written notices and communications to the Defendants Defendant has willfully demanded payment of a debt from Debtor and their refusal to turn over the debtor's automobile which the defendants repossessed on May 12, 2022.

## FACTS

4.

Defendants have refused to return Plaintiff automobile which was repossessed six (6) days before the debtor filed a Bankruptcy under Chapter 7 case.

5.

On May 18, 2022, Debtor notified the Defendant, creditor Bridgecrest that she filed a Bankruptcy under Chapter 7 Bankruptcy by providing Bridgecrest a copy of the notice from this Court with a verbal notice of the case number. The Defendant Bridgecrest informed Debtor that she would not be getting back the vehicle unless she paid an amount of $700.00 plus an amount for keys and storage which was approximately $1100.00. The $700.00 cost was the same amount Bridgecrest quoted to Debtor to pay as back payments one day before debtor filed the Chapter 7 case. Bridgecrest eventually informed Debtor they were acting/operating on their's and on Carvana, LLC's behalf in their effort to collect a debt.

6.

Debtor has been back and forth daily, except Saturday and Sunday, with Bridgecrest to have them return the vehicle because of the new job Debtor was starting; Monday, May 23, 2022. Because of Defendants Creditors total disregards for the Bankruptcy, I had difficulties focusing on my new job, and as a single mother, I had extreme hardship taking care of my children's needs without the vehicle.

## COUNT I: AUTOMATIC STAY APPLIES TO THE DEFENDANT

7.

Section 362 stays action to collect a debt. Specifically, § 362(a)(6) protect debtors from creditors that are acting in any capacity to collect, assess, or recover a claim against him that arose before the commencement of the bankruptcy proceedings.

8.

Defendants are enjoined by the automatic stay from creditor attempts to collect a debt, including having his annuity offset.

9.

The filing of a petition bankruptcy effectuates automatic of all proceedings against debtor effective the date the petition is filed, and actions taken in violation of stay are void, even if there is no actual notice of the stay. (*Personalized Air Conditioning, Inc. v. C.M. Systems of Pinellas*, 522 So.2d. 465 Fla.App. 4 Dist, 1988).

## COUNT II: THE COLLECTION OF A DEBT BY DEFENDANT VIOLATES AUTOMATIC STAY

10.

Once a creditor receives notice of a Chapter 7 bankruptcy filing, creditor has an affirmative duty to undo its violations of automatic stay. (*In re Keen*, 301    B.R. 749 Bkrtcy. S.D. Fla. 2003).

11.

There can be no doubt that the Defendant had knowledge of the Plaintiff's pending bankruptcy case when the Debtor notified Defendants and Defendants refused to return Debtor's automobile which they repossessed a few days before the Debtor filed Bankruptcy.

12.

Defendant Creditor Bridgcrest is listed as a creditor in Plaintiffs bankruptcy petition under Schedule.

### COUNT III: VIOLATION OF THE STAY WAS WILLFULL

13.

Plaintiffs have acted with blatant disregard to court rules and procedures.

14.

Plaintiff Bridhecrest was listed as a creditor on Defendants bankruptcy petition filing and had been advised on this pending bankruptcy.

15.

Based on Defendant's actions of deliberately charging Plaintiff's, withholding Debtor's vehicle, and violating the Automatic Stay, Defendants have willfully

violated the Automatic Stay.

16.

A willful violation of the automatic stay occurs when the creditor knew that the stay had been invoked and deliberately intended the action that violated the stay. (*In re Hedetneimi* 297 B.R. 837 Bkrtcy. M.D. Fla. 2003).

> "When read together, 11 U.S.C. §§ 542(a) and 1303 require any entity in possession, custody, or control of property of the debtor to deliver the property to the debtor upon the filing...

" Madden v. Anderson Fed. Credit Union (In re Madden) (Bankr. M.D. Ga. 2018).

Defendant Bridgecrest informed me approximately five days later that they were now demanding that Debtor pays the full balance of the debt on the automobile in the amount of $15,000.00, that filing bankruptcy will not prevent them from demanding full payment on the debt.

## COUNT IV: PLAINTIFF WAS INJURED BY DEFENDANTS CREDITOR MISCONDUCT

17.

Defendants deliberately deprived Debtor with the willful intent to injure Plaintiff.

18.

Plaintiff filed for bankruptcy and believed she was relieved from the pressure and harassment from creditors seeking to collect their claims.

19.

However, Defendants have failed to abide by the automatic stay and has continuously harassed debtor with debt collection and has left Plaintiff suffering from emotional distress.

## DAMAGES

20.

Section 362(k)(1) provides that the court shall award an individual his costs and any fees associate with this filing, in addition to actual damages.

21.

Defendants including Carvana, LLC, willfully violated the Automatic Stay by and through its Agent Bridgecrest therefore Debtor is entitled to Discretionary, Actually Damages and Punitive Damages.

> "actual damages[] includ[e] costs and attorneys' fees" and that an award of actual damages is mandatory when the stay is violated willfully. 11 U.S.C. § 362(k)(l); see Jove Eng'g, 92 F.3d at 1559 ("Regarding automatic stay violations, the Bankruptcy Code provides two relevant, independent sources for awarding attorney fees, § 105(a) (discretionary) and § 362(h) (mandatory).").

Parker v. Credit Cent. S., Inc. (In re Parker) (11th Cir. 2015). The Defendants were given multiple notices, by facsimiles, telephone, and mail but they chose to ignore the automatic stay

and this Honorable Court which resulted in Debtor experiencing undue stress: excess cost of traveling with and getting her three minor children to and from school, after school programs, and various doctors' visits.

> "Because Credit Central committed the type of conduct that the automatic stay was created to prevent, punitive damages were appropriate to serve the dual purposes of punishing Credit Central for its indifference to the law and Parker's rights and to deter it from committing future similar misconduct."

Parker v. Credit Cent. S., Inc. (In re Parker) (11th Cir. 2015).

WHEREFORE, Debtor/Plaintiff Prays that this Honorable Court grants the Debtor/Plaintiff

a)    Damages for Loss of use of the vehicle while debtor prepared to start her new job. That this Honorable Court grants money damages Debtor damages for all payments she made for transportation during the time she was without a vehicle, Specifically Debtor's 2018 Jeep Cherokee; VIN 1C4PJLLB9JD615618,

b)    That the Court grants punitive damages in the amount of $70,000,

c)    the debtor has suffered interruption, annoyance, and continuing anxiety as she proceeds with his Chapter7 bankruptcy filing. Since actions taken in violation of the automatic stay are void, the court is urged to find Defendants in violation of the automatic stay and damages should be awarded to the Plaintiff.

Dated this 25, day of October, 2022,

Tiffany N. Jones Pro se

Address: 100 Holly Park Ct,
Ste 1306
Holly Springs, GA 30112
Tel; 305-878-4788

CERTICATE OF SERVICE

I, Tiffany N. Jones, certify that I have served a copy of DEBTOR'S COMPLAINT FOR DAMAGES FOR VIOLATION OF AUTOMATIC STAY electronically and by depositing same in the United States Mail in a properly addressed envelope to each with adequate postage on the following persons or entities at the addresses stated.

Bridgecrest
P.O. Box 165028
Irving, TX 75016

BVR
6890 Victory Dr.
Acworth, GA 30102

Adesa Knoxville
1011 Adesa Blvd
Lenoir, TN 37771

S. Gregory Hays
Hays Financial Consulting, LLC
Suite 555 2964 Peachtree Road
Atlanta, GA 30305

U.S. Trustee
Office of the United States Trustee
362 Richard Russell Building 75
Ted Turner Drive,
SW Atlanta, GA 30303

Richard B. Maner,
180 Interstate N Parkway, Suite 200
Atlanta, GA 30339

This 25TH day of October 2022

_____
Tiffany N. Jones. Pro se